Youssef Hammoud, CA #321934
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorney for Plaintiff Deanna Burton*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA BURTON,<br>　　　　　Plaintiff,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC. and MONTEREY FINANCIAL SERVICES, LLC,<br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**15 U.S.C. § 1681e(b)**<br>**15 U.S.C. § 1681i**<br>**15 U.S.C. § 1681s-2(b)** |

Plaintiff Deanna Burton ("Plaintiff"), by and through the undersigned counsel, hereby brings this Complaint and Demand for Jury Trial ("Complaint") against Defendants Experian Information Solutions, Inc. ("Experian") and Monterey Financial Services, LLC ("Monterey") (referenced collectively as "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as Plaintiff alleges violations of federal laws: 15 U.S.C. § 1681.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the

events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business in this District; Defendants purposefully avail themselves of the protections of this District; and Defendants regularly direct business at the District, such that personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person who resides in Monrovia, California, within the confines of Los Angeles County. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Experian regularly compiles and distributes consumer credit information in exchange for monetary compensation. Therefore, Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is a corporation that regularly conducts business in this judicial district. Experian maintains a principal place of business, and can be served, at 475 Anton Boulevard, Costa Mesa, CA 92626.

6. Defendant Monterey is a collection agency that transmits account information to consumer reporting agencies. Monterey is a "furnisher" as that term is contemplated by 15 U.S.C. § 1681s-2(b). Monterey is also a "person" as defined by 15 U.S.C. § 1681a(b). Monterey maintains a principal place of business located at 4095 Avenida De La Plata Oceanside, California 92056. Monterey can be served through its registered agent, Nate Lucas, located at 4095 Avenida De La Plata Oceanside, California 92056.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

8. In 2016, Plaintiff went back to school to try to secure a higher-earning income and pursue her dreams of working in psychiatry.

9. Plaintiff was (and remains) the primary source of income for her family of six.

10. While Plaintiff was going to school, she had to rely on loans and credit cards to ensure her family's basic needs were met.

11. Unfortunately, Plaintiff ultimately fell behind on a number of her financial obligations.

12. Amid the Covid-19 pandemic, Plaintiff finished her schooling and became a licensed psychiatric technician.

13. In July of 2020, Plaintiff was able to secure a part-time job that allowed her to put her new license to use. In November 2021, she was able to start working full-time.

14. Plaintiff has always dreamed of home ownership, but it was unattainable for much of her life.

15. For the first time in several years, Plaintiff was making enough money to pay her bills, and she believed that her dream of home ownership could soon be a reality.

16. However, Plaintiff knew that she would need to improve her credit scores if she wanted to qualify for a favorable mortgage.

17. For the last two years, Plaintiff has been working tirelessly to improve her credit so she could purchase a home for her family.

18. Plaintiff's family of six is currently living in a two-bedroom rental home.

19. In an effort to improve her credit scores and odds of mortgage approval, Plaintiff has

been working to repay the debts she incurred while in school.

20. In or around May 2022, Plaintiff reviewed her Experian consumer report.

21. While reviewing, Plaintiff noticed that a new collection account had been added to her Experian consumer report.

22. Experian was reporting a Monterey Collection Services Account (No. 503429XX), opened on March 25, 2022, with an outstanding balance of $4,772 ("the Account").

23. Plaintiff was confused when she discovered the Account, as she had never heard of the original creditor, Career Step. Plaintiff was certain that she did not owe Monterey Collection Services or Career Step any money.

24. Shortly thereafter, Plaintiff reviewed her Trans Union and Equifax consumer reports.

25. Plaintiff was relieved when she learned that neither Trans Union nor Equifax were reporting the unrecognized Account.

26. On or about May 14, 2022, Plaintiff disputed the Account with Experian.

27. Upon information and belief, Plaintiff's dispute indicated that she had no knowledge of the Account and was not responsible for repaying it.

28. The same day, Experian responded to Plaintiff's dispute.

29. Experian's dispute response indicated that it had contacted the company that provided the Account information and verified that its reporting was accurate.

30. Upon information and belief, Experian forwarded Plaintiff's dispute to Monterey on May 14, 2022.

31. Upon information and belief, Monterey responded to Experian that same day and verified that the Account belonged to Plaintiff and was being reported accurately.

32. Upon information and belief, Monterey did not reasonably investigate Plaintiff's dispute before responding to Experian.

33. Upon information and belief, Monterey simply verified the balance of the Account to Experian without confirming the Account was opened with Plaintiff's name, social security number, and/or date of birth.

34. Upon information and belief, Experian accepted Monterey's response to Plaintiff's dispute as the absolute truth.

35. Upon information and belief, Experian failed to reasonably reinvestigate Plaintiff's dispute. Instead, it simply parroted the information it received from the data furnisher, Monterey, without verifying its veracity.

36. Accordingly, Experian continued to report the erroneous Account on Plaintiff's consumer report.

37. Upon receiving Experian's dispute response, Plaintiff's demeanor shifted from confused and stressed to extremely frustrated.

38. Plaintiff could not believe that Experian had allegedly contacted the data furnisher and reinvestigated her dispute within a matter of hours.

39. Beyond that, Plaintiff was terrified that she was going to have to repay an additional $4,772 worth of debt before she could even consider purchasing a home for her family.

40. Plaintiff felt as though her diligent efforts to improve her credit had been undermined by Experian and Monterey.

41. So, Plaintiff took matters into her own hands.

42. On or about May 24, 2022, Plaintiff called Monterey herself.

43. Plaintiff provided her full name, date of birth, and social security number to the Monterey representative over the phone.

44. The representative was unable to locate the Account using Plaintiff's full name, date of birth, or social security number.

45. Shortly after speaking to the Monterey representative, Plaintiff reviewed her Experian report, again.

46. This time, Plaintiff noticed that the "Personal Information" section on her Experian report listed her mother's name: Christine Burton.

47. Upon information and belief, Experian's loose matching algorithm erroneously mixed Plaintiff's consumer credit information with that of her mother.

48. Upon information and belief, Experian has known its loose matching algorithms regularly result in the "mixing" of consumer information.

49. Upon information and belief, Experian's matching algorithms allow account information to be included in a consumer's credit file even if the account is not associated with the consumer's full name, date of birth, and/or social security number.

50. Upon information and belief, Experian included the Account on Plaintiff's consumer report even though the information furnished by Monterey did not match Plaintiff's full name, date of birth, or social security number.

51. Upon information and belief, non-parties Equifax and Trans Union maintained and followed procedures that prevented them from inaccurately associating the Account with Plaintiff's credit files.

52. Upon information and belief, the three major consumer reporting agencies

(Experian, Trans Union, and Equifax) share consumer information with each other.

53. Accordingly, Experian knew or should have known that it had mixed the Plaintiff's file with her mother's when Trans Union and Equifax did not report the erroneous information about Plaintiff.

54. Upon information and belief, Experian knowingly and willfully maintains procedures that it knows often result in inaccurate consumer reports because employing more reasonable procedures would cut into its profit margins.

55. Experian had actual knowledge that its loose matching algorithms often resulted in account information being attributed to the wrong consumer (also known as a "mixed file").

56. As early as 1991, the Federal Trade Commission ("FTC") brought an enforcement action against Experian [formerly TRW, Inc.] in the United States District Court for the Northern District of Texas. *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Texas 1991). In settling the enforcement action brought by the AGs, Experian agreed to maintain reasonable procedures to prevent the occurrence or reoccurrence of mixed files.

57. Another enforcement action was brought against Experian by nineteen state attorneys general that resulted in a similar consent order as described in the previous paragraphs, including the procedures related to the prevention of mixed files and procedures to reinvestigate disputes resulting from mixed files. See *TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991).

58. Similar enforcement actions were brought in 1992 and 2016, which resulted in consent orders where all three CRAs agreed to maintain reasonable procedures to prevent

the occurrence or reoccurrence of mixed files, among other things.

59. Despite the consent orders with the FTC and the Attorneys General, Experian maintains procedures that allow its computer system to add an account to a consumer's credit file without first requiring the furnisher to provide the responsible consumer's complete identifying information.

60. Upon information and belief, Experian knowingly and intentionally maintains procedures that match accounts with consumers based on incomplete and/or nonexistent identifying information because it allows them to sell more consumer reports.

61. Experian has knowledge that its system causes one individual's consumer report to be confused with another individual's consumer report causing a "mixed file."

62. Moreover, Experian has actual knowledge that the three major credit bureaus have been sued repeatedly for failing to prevent mixed consumer files, including an $18.6 million dollar verdict against Equifax after it placed the information of another consumer into a plaintiff's record with the same name and failed to correct its errors. *Miller v. Equifax Info. Services, LLC*, 3:11-cv-1231 (D. Or. 2011); *see also Calderon v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 89375, *10 (D. Idaho 2012); *Howley v. Experian Info. Solutions, Inc.*, Civil Action No. 09-241 (D.N.J. filed January 16, 2009); *Ainsworth v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 63174 (C.D. Cal. 2011); *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011); *Comeaux v. Experian Info. Solutions*, 2004 U.S. Dist. LEXIS 10705, *20 (E.D. Tex. 2004); *Cartwright v. Experian, et al.*, Case No. CV 09-427 (C.D. Cal. 2009); *Campbell v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009); *Jensen v.*

*Experian Info. Solutions, Inc.*, 2001 U.S. Dist. LEXIS 15134 (E.D. Tex. Mar. 30, 2001); *Williams v. Equifax Info. Solutions, LLC*, No. 48-2003-CA-9035-O (Orange County 2007); *Apodaca v. Discover Financial Services*, 417 F. Supp. 2d 1220 (D.N.M. 2006).

63. Upon information and belief, the foregoing lawsuits and enforcement actions did not prompt a significant modification in Experian's procedures to assure that the consumer reports that it prepares, publishes, and maintains are maximally accurate, as required by the FCRA at 15 U.S.C. § 1681e(b).

64. Upon information and belief, Experian has not (and does not intend to) meaningfully modified its procedures to comply with this section of the FCRA because compliance would drastically increase its operating expenses.

65. Accordingly, Experian's failure to maintain reasonable procedures to ensure Plaintiff's consumer credit information was not mixed with someone else's was willful.

66. Upon information and belief, despite knowing that it employs deficient matching algorithms, Experian fails to maintain a reasonable procedure for reinvestigating consumer disputes of information that they do not believe belongs to them.

67. Upon information and belief, Experian knows that data furnishers, including Monterey, are notoriously unreliable and regularly "verify" patently inaccurate information as "accurate."

68. Upon information and belief, despite Experian's knowledge of Monterey's unreliability as a data furnisher, Experian blindly parroted Monterey's dispute response and adopted it as the truth.

69. Upon information and belief, neither Experian nor Monterey conducted more than a

cursory review before responding to Plaintiff's dispute.

70. Upon information and belief, neither Experian nor Monterey considered all the relevant information available to them when investigating Plaintiff's dispute.

71. Upon information and belief, both Experian and Monterey affirmed that the Account belonged to Plaintiff after processing her dispute because neither Defendant maintains reasonable reinvestigation procedures intended to ensure consumer reports are maximally accurate.

72. Monterey willfully and negligently fails to maintain reasonable procedures designed to ensure that it corrects inaccurate information upon receiving notice of a consumer's dispute.

73. Experian willfully and negligently fails to maintain reasonable reinvestigation procedures intended to ensure that Plaintiff's consumer report is maximally accurate.

74. The inclusion of the erroneous Account on Plaintiff's Experian consumer report was the direct consequence of Experian's willful refusal to develop reasonable procedures to guard against "mixed files."

75. The inclusion of the erroneous Account on Plaintiff's Experian consumer report was the direct consequence of Monterey's willful refusal to conduct a reasonable investigation of Plaintiff's dispute.

76. As a direct result of Experian and Monterey's action and inaction, Plaintiff has suffered significant harm.

77. Plaintiff has suffered actual harm in the form of stress, mental anguish, sadness, sleeplessness, wasted time, and decreased credit worthiness.

78. The inclusion of the erroneous Account in Plaintiff's Experian consumer report has made Plaintiff feel as though home ownership is still unattainable despite all her efforts to improve her credit.

79. Defendants' willful violations of the FCRA render it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80. Defendants' negligent violations of the FCRA render them individually liable for Plaintiff's statutory and actual damages, as detailed herein. 15 U.S.C. § 1681o.

81. In any event, Defendants are individually liable for Plaintiff's reasonable attorney's fees and costs, as described in 15 U.S.C. §§ 1681o, 1681n.

## COUNT I
### *Experian's Violations of 15 U.S.C. § 1681e(b)*

82. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

83. The FCRA requires consumer reporting agencies, like Experian, to maintain reasonable procedures to ensure they compile and disburse consumer credit information with maximal accuracy. 15 U.S.C. § 1681e(b).

84. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation, maintenance, and dissemination of Plaintiff's consumer report(s).

85. Specifically, Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to ensure that the information in Plaintiff's consumer report was associated with her personal identifiers (full name, date of birth, and social security number).

86. It was wholly unreasonable for Experian to inaccurately list the Account on Plaintiff's consumer report when the furnisher provided it with information that proved Plaintiff was not the responsible consumer.

87. As a result of Experian's failure to maintain reasonable procedures to ensure maximal accuracy of Plaintiff's consumer information, Plaintiff has suffered statutory and actual damages as detailed herein.

88. Experian's violations of 15 U.S.C. § 1681e(b) were willful. Therefore, Experian is liable to Plaintiff for actual, statutory, and punitive damages in amounts to be determined at trial. 15 U.S.C. § 1681n.

89. Alternatively, Experian's violations of 15 U.S.C. § 1681e(b) were negligent. Therefore, Experian is individually liable to Plaintiff for statutory and actual damages in amounts to be determined at trial. 15 U.S.C. § 1681o.

90. In any event, Defendant Experian is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

## COUNT II
*Experian's Violations of 15 U.S.C. § 1681i*

91. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

92. Plaintiff disputed the Account with Experian on or about May 14, 2022.

93. Under the FCRA, when a consumer reporting agency receives a dispute from a consumer that indicates an item of information in their credit file is inaccurate or incomplete, the consumer reporting agency is required to: conduct a reasonable investigation of the disputed information and forward the dispute to the furnisher within

five days of its receipt. 15 U.S.C. § 1681i.

94. Experian violated 15 U.S.C. § 1681i(a)(1) on more than one occasion by failing to conduct a reasonable investigation to determine whether the information it reported about Plaintiff was accurate.

95. Upon information and belief, Experian continued to blindly rely on inaccurate information provided by the furnisher, Monterey, despite possessing and reporting information that indicated the Account did not belong to Plaintiff.

96. Upon information and belief, Experian had reason to know that the information furnished by Monterey was inaccurate or otherwise unreliable.

97. Yet despite knowledge of the information's unreliability, Experian made no independent effort to verify its accuracy.

98. In fact, Experian failed to even confirm that the information it reported about Plaintiff was consistent with the rest of her Experian credit file.

99. Additionally, Experian violated the FCRA by failing to provide Monterey with all the relevant information regarding Plaintiff, her disputes, and the Account. 15 U.S.C. § 1681i(a)(2)(A).

100. Furthermore, Experian violated the FCRA by failing to promptly delete the inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation. 15 U.S.C. § 1681i(a)(5)(A).

101. As a result of Experian's violations of 15 U.S.C. § 1681i, Plaintiff suffered actual damages which have been further described above.

102. Experian's violations of 15 U.S.C. § 1681i were willful. Therefore, Experian

is individually liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n.

103. Alternatively, Experian's violations of 15 U.S.C. § 1681i were negligent. Therefore, Experian is individually liable to Plaintiff for statutory and actual damages in an amount to be determined at trial. 15 U.S.C. § 1681o.

104. In any event, Experian is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

## COUNT III
*Monterey's Violations of 15 U.S.C. § 1681s-2(b)*

105. Plaintiff incorporates the above paragraphs of this Complaint as though they are fully detailed herein.

106. At all times pertinent hereto, Monterey was a "person" as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" to the consumer reporting agencies, including Experian.

107. Monterey has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a dispute directly from a consumer. 15 U.S.C. § 1681s-2(a), § 1681s-2(b).

108. Upon receipt of a consumer dispute from a consumer reporting agency, furnishers, like Monterey, are required to: conduct an investigation with respect to the disputed information; review all relevant information; report the results of the investigation to the consumer reporting agency; and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

109. On at least one occasion within the past two years, by example only and without limitation, Monterey violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's dispute.

110. Upon information and belief, Monterey received notice of Plaintiff's dispute from Experian.

111. Upon receiving notice of Plaintiff's dispute, Monterey failed to notice that Experian had associated the Account with consumer information that did not match Monterey's internal records.

112. Consequently, Monterey continued to report inaccurate information to Experian after receiving notice of and investigating Plaintiff's dispute.

113. Upon information and belief, Monterey's actions in the instant matter are representative of its normal policies and procedures.

114. Upon information and belief, Monterey's regular investigation procedures do not require a reasonable review of a tradeline that is disputed by a consumer.

115. Rather, Monterey's regular procedures allow it to respond to disputes after conducting only a cursory review of the Account at issue.

116. The above-described conduct violated 15 U.S.C. § 1681s-2(b).

117. Monterey violated 15 U.S.C. § 1681s-2(b) in the following manner:

    i. By willfully and/or negligently failing to conduct an investigation of the disputed Account;

    ii. By willfully and/or negligently failing to review all relevant information concerning Plaintiff's Account;

    iii.    By willfully and/or negligently failing to report the results of its investigation of the disputed Account to all credit reporting agencies;

    iv.    By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation of her dispute;

    v.    By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation of the disputed information;

    vi.    By willfully and/or negligently failing to permanently block the reporting of the inaccurate information and continuing to report and furnish inaccurate or incomplete information about Plaintiff's Account to credit reporting agencies; and

    vii.    By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

118. As a result of Monterey's conduct, action, and inaction, Plaintiff has suffered actual damages, including but not limited to: stress, anxiety mental anguish, sleepless nights, emotional distress, frustration, wasted time, and decreased creditworthiness.

119. Monterey's violations of the FCRA were both willful and knowing. Therefore, Monterey is individually liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n.

120. Alternatively, Monterey's violations of the FCRA were negligent. Therefore, Monterey is individually liable to Plaintiff for statutory and actual damages. 15

U.S.C. § 1681o.

121. In any event, Monterey is individually liable for Plaintiff's reasonable attorney's fees and costs. 15 U.S.C. §§ 1681n, 1681o.

## TRIAL BY JURY

122. Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Deanna Burton, respectfully requests judgment be entered against Defendants, for the following:

    A.    Actual damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

    B.    Statutory damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

    C.    Punitive damages pursuant to 15 U.S.C. § 1681n;

    D.    Punitive damages to be determined at trial, for the sake of example and punishing defendants for their malicious conduct, pursuant to Cal. Civ. Code § 3294;

    E.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

    F.    All pre-judgment and post-judgment interest as may be allowed under the law; and

    G.    Any other and further relief as the Court may deem just and proper.

Respectfully submitted this 15th day of June, 2022.

| | |
|---|---|
| 1 | HAMMOUD LAW, P.C. |
| 2 | |
| 3 | */s/ Youssef H. Hammoud* |
| | Youssef Hammoud, CA #321934 |
| 4 | 3744 E. Chapman Ave., #F12269 |
| | Orange, CA 92859 |
| 5 | T: (949) 301-9692 |
| 6 | F: (949) 301-9693 |
| | E: yh@lawhammoud.com |
| 7 | |
| 8 | *Attorney for Plaintiff Deanna Burton* |